UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DeKALB PIKE REAL ESTATE
ASSOCIATES, L.P.,              )
                              )
        Plaintiff,            )
                              )
v.                            )
                              )
THE ALLSTATE CORPORATION and  )
STERLING COLLISION CENTER, INC., )
                              )
        Defendants.           )

MBD No.

**04**M. ⸢0196

Case No. 2:03-cv-6771
United States District Court for the
Eastern District of Pennsylvania

## PLAINTIFF'S (I) OPPOSITION TO MOTION OF DENNIS McMULLEN TO QUASH OR MODIFY SUBPOENA; AND (II) CROSS MOTION TO ENFORCE SUBPOENA AND COMPEL ATTENDANCE OF DENNIS McMULLEN FOR DEPOSITION UPON ORAL EXAMINATION

Plaintiff DeKalb Pike Real Estate Associates, L.P. ("Plaintiff"), by and through its undersigned counsel, respectfully submits this opposition to the *Motion of Dennis McMullen to Quash or Modify Subpoena* (the "Motion") filed by fact witness Dennis McMullen ("McMullen"), pursuant to which McMullen seeks to quash or modify a *Subpoena in a Civil Case* (the "Subpoena") that Plaintiff properly served upon him. For the reasons set forth herein, Plaintiff opposes the relief requested in the Motion and, in addition, moves for an order of this Court enforcing the Subpoena and compelling McMullen's compliance with the same by ordering him to appear and provide testimony and documents on July 14, 2004 as commanded by the Subpoena.

As discussed in detail below, Plaintiff opposes McMullen's last-minute motion to quash or modify the Subpoena for his deposition testimony in a case pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:03-cv-6771 (Bartle, J.) (the

"Pennsylvania Federal Action"), because either he, or his counsel, are now not available due to business opportunities when the lawyers in the Pennsylvania Federal Action are in Boston for four (4) other depositions on July 13-15, 2004.   Pennsylvania and Boston counsel have vigorously attempted to resolve these issues, but given McMullen's and his lawyer's schedules, there is no date available for these depositions in Boston before the close of discovery on July 30, 2004.

Pennsylvania counsel scheduled these depositions, served subpoenas, confirmed and paid for travel and lodging, and prepared for meaningful testimony, including of key fact witness Dennis McMullen on July 14, 2004.   McMullen's only objection to the Subpoena is convenience—either he or his lawyer is not available due to work.  A federal court subpoena must not be so cavalierly disregarded, and the Motion must therefore be denied.

### Facts Relating to the Subpoena

Plaintiff commenced the Pennsylvania Federal Action on December 17, 2003, and the case was assigned to the Honorable Harvey Bartle.  In brief, in the Pennsylvania Federal Action, Plaintiff seeks to recover its out-of-pocket expenses and losses incurred in reliance upon the definite and certain promises of defendants The Allstate Corporation ("Allstate") and Sterling Collision Center, Inc. ("Sterling" and, together with Allstate, "Defendants") that they would operate an automobile collision center on Plaintiff's commercial property in Pennsylvania, as confirmed in several written and oral communications adduced during discovery to date.

In March 2004, Judge Bartle held the Fed. R. Civ. P. 16 conference in the Pennsylvania Federal Action and closed discovery on July 30, 2004.   On May 25, 2004, after the exchange of initial disclosures and responses to written discovery, Plaintiff noticed the depositions of several of Defendants' officers, including Defendants' former Vice President of Store Development,

McMullen. A couple of weeks later, Defendants advised that they could not produce McMullen voluntarily, but did not disclose the reasons. On June 15, 2004, Plaintiff immediately issued the Subpoena, requiring McMullen to appear for testimony with documents on July 14, 2004. Plaintiff served the Subpoena on McMullen on June 16, 2004. Thereafter, understanding that all witnesses were available based upon Defendants' counsel's repeated assurances, counsel paid for travel and lodging, and scheduled the remaining Pennsylvania and other out-of-town depositions accordingly.

In the weeks leading up to these Boston depositions, Pennsylvania counsel agreed that Defendants' counsel could review McMullen's documents before the deposition for privileged materials. Everything was set for the Boston depositions, and the completion of discovery in accordance with Judge Bartle's order.

On July 6, 2004, a week before the subpoenaed deposition, Plaintiff's Boston counsel received a voice mail message from McMullen's lawyer that there may be some issues with McMullen's July 14, 2004 date because of a conflict in McMullen's lawyer's schedule. No prior notice had been provided to Plaintiff, the party that issued the Subpoena.[1] Thereafter, in several communications with McMullen's lawyer, Plaintiff learned for the first time that McMullen filed a lawsuit against the same Defendants on December 29, 2003 in the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "Massachusetts State Action"), allegedly based upon a constructive termination of McMullen's responsibilities as Defendants made a decision not to develop any more automobile collision centers in mid-2003, while

---

[1] On Saturday, July 10, 2004, McMullen's counsel advised that he had been aware of the Subpoena since June 17, 2004; had told Allstate's counsel in the Massachusetts State Action of his deposition conflict on June 28; and thereafter told Defendants' Pennsylvania counsel that he was not available on July 14 or until the second week of August. However, Allstate's counsel

Plaintiff was expending hundreds of thousands of dollars preparing its property for Defendants' automobile collision center.

After several communications and discussions, Plaintiff's counsel, Defendants' counsel and McMullen's counsel cleared their schedules so as to depose McMullen on Tuesday, July 13, 2004 while all Philadelphia counsel were in Boston for the other noticed and subpoenaed depositions. However, on Saturday morning, July 10, 2004, McMullen's counsel advised that McMullen would not appear because of a business trip outside of Boston on July 13. After several efforts to arrange another convenient time and place while counsel from the Pennsylvania Federal Action are in Boston taking depositions, fact witness McMullen refuses to appear on any date before mid-August. McMullen's counsel appears also to be concerned that Allstate has frustrated his discovery in the Massachusetts State Action, and does not want his client subject to questioning in the unrelated Pennsylvania Federal Action.

In response to several requests that another lawyer represent this fact witness on July 14, 2004, McMullen's lawyer has objected to this resolution because there may be overlapping issues in the Pennsylvania Federal Action with his later filed and seemingly delayed Massachusetts State Action.    Plaintiff responded that while there may be overlap in any deposition, McMullen's testimony should not be different in any case, that the available federal court objections to the form of the question can be preserved by any experienced litigator, and that Defendants' counsel will preserve any privilege, as agreed several weeks earlier.

### *McMullen Must Appear for His Subpoenaed Deposition*

McMullen must appear for his deposition pursuant to the Subpoena served upon him on June 16, 2004. His sole objection of scheduling convenience lacks merit, particularly on balance

---

first told Plaintiff of a possible "request for rescheduling" on Monday evening July 5, 2004 by e-

with the harm to Plaintiff given the discovery schedule in the Pennsylvania Federal Action. Further, this Court, and the United States District Court for the Eastern District of Pennsylvania, have no jurisdiction over Allstate's conduct in the Massachusetts State Action, and McMullen's frustration – while possibly justified – cannot obstruct a validly issued and served subpoena for federal court testimony.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, this Court may quash or modify the Subpoena properly served on McMullen if that Subpoena:

1.    fails to allow McMullen a reasonable time for compliance;

2.    requires McMullen to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person;

3.    requires McMullen to disclosure privileged or other protected matter; or

4.    subjects McMullen to undue burden.

*See* Fed. R. Civ. P. 45(c)(3).

"The party moving to quash a subpoena in a civil trial bears the burden of persuasion." *Demers v. LaMontagne*, 1999 WL 1627978, *2 (D. Mass. May 5, 1999). Further, "there is a particularly heavy burden upon a deponent to make a substantial showing in support of a motion to quash as contrasted to some more limited protection." *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961). This is particularly so when the deponent seeks relief before the deposition even commences, like McMullen in this action. *Id.*

McMullen does not – because he cannot – assert that any of the factors for quashing and/or modifying his Subpoena are satisfied in this case. Rather, at the eleventh hour McMullen

---

mail and McMullen's lawyer never told Plaintiff's counsel of any conflict until July 7, 2004.

asks this Court to quash and/or modify the Subpoena only because he and/or his attorney – from a large Boston law firm – are unavailable. McMullen's excuse is insufficient, especially when Plaintiff served McMullen with the Subpoena on June 16, 2004 and then planned and paid for travel to Massachusetts to depose McMullen and other witnesses. McMullen and his seasoned litigation counsel should have raised any scheduling issues long ago, not days before the long scheduled and distant depositions.

### *Conclusion*

For the foregoing reasons, the Motion should be denied and the Subpoena served upon McMullen for testimony and document production on July 14, 2004 should be enforced. The only objection to the Subpoena is convenience. McMullen's work schedule, and the schedule of his lawyer, cannot obstruct the validly issued and served Subpoena, particularly when the Subpoena was served almost one month before the deposition, his lawyer knew of it almost one month before the deposition, but no one told the issuing party of any concern with the schedule until less than a week before the deposition, and all of the other schedules had been set.

> DeKALB PIKE REAL
> ESTATE ASSOCIATES, L.P.
>
> By its attorneys,
>
> /s/ Michael J. Fencer
>
> _____
> Bruce F. Smith (BBO No. 467900)
> Howard P. Blatchford, Jr. (BBO No. 045580)
> Michael J. Fencer (BBO No. 648288)
> JAGER SMITH P.C.
> One Financial Center
> Boston, Massachusetts 02111
> (617) 951-0500
>
> - and -

John M. Elliott
Mark A. Kearney
Brian R. Elias
ELLIOTT REIHNER & SIEDZIKOWSKI, P.C.
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
(215) 977-1000

Dated: July 13, 2004

## CERTIFICATE OF SERVICE

I, Michael J. Fencer, hereby certify that on this 13th day of July, 2004, I served the within *Plaintiff's (I) Opposition to Motion of Dennis McMullen to Quash or Modify Subpoena; and (II) Cross Motion to Enforce Subpoena and Compel Attendance of Dennis McMullen for Deposition Upon Oral Examination* upon the following via facsimile and first class mail, postage prepaid:

Steven J. Fram, Esq.
Michael L. Volin, Esq.
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, New Jersey 08033
    Attorneys for Defendants
    Facsimile: 856-795-0574

David Rapaport, Esq.
Davis Malm & D'Agostine, P.C.
One Boston Place
Boston, Massachusetts 02108
    Attorneys for Dennis McMullen
    Facsimile: 617-523-6215

/s/ Michael J. Fencer

_____
Michael J. Fencer